## THOMAS STEWART, Adm'r, v. WILEY G. RICHARDSON.

1. EXECUTOR AND ADMINISTRATOR : NOT NECESSARY TO PROVE OFFICIAL CHARACTER, UNLESS DENIED.—On the trial of a *scire facias*, sued out by a creditor against the administrator, suggesting a *devastavit*, it is unnecessary for the plaintiff to show that the defendant is administrator, if he do not deny it by his plea.

2. SAME : ACCOUNTS RETURNED, PRESUMED TO BE OFFICIAL.—Accounts of sale, and an appraisement of a deceased person's estate, returned by a party to the Probate Court, although they do not expressly appear on their face to have been

returned by him in his capacity as administrator, are, nevertheless, presumed in law, to have been returned in that capacity, since he had no authority to make such returns in any other.

3. SAME: DEVASTAVIT, PROOF OF.—If, by the appraisement and account of sales, returned by an administrator in the Probate Court, it appear that sufficient assets have come into his hands to pay the debt sought to be collected, it is sufficient to establish a *devastavit* in a *scire facias* against him, if he introduce no countervailing proof, showing what disposition has been made of the assets.

4. SAME: DUTY TO APPROPRIATE ASSETS.—If, upon a return of "*nulla bona,*" in an execution against an administrator, a *scire facias* be issued, suggesting a *devastavit,* it is no answer to the writ, that there is property of the decedent within the State, and subject to the execution, because, if there be such, it was the duty of the administrator to apply it to the payment of the debt.

IN error from the Circuit Court of La Fayette county.  Hon. P. T. Scruggs, judge.

Richardson, the defendant in error, recovered a judgment against one John Stewart, in his lifetime, and issued an execution thereon, which was returned "no property found."  John Stewart died, and Richardson sued out a *scire facias* against Thomas Stewart, as his administrator, and thereupon the judgment was revived against said Thomas, as administrator of John Stewart.  An execution was issued on this judgment, and returned "*nulla bona.*"  Richardson then sued out a *scire facias* against said Thomas Stewart, suggesting that he was guilty of a *devastavit,* in not applying the assets in his hands to the payment of plaintiff's debt.  To this Stewart pleaded: First.  That assets sufficient to pay said judgment had not come to his hands.  Second.  He denied the *devastavit.*  Third.  He alleged that the judgment was paid. The plaintiff took issue upon these pleas; and upon the trial, he introduced as evidence, the appraisement and account of sales of the estate of John Stewart, returned into the Probate Court, by the defendant, by which it appeared that personal estate of the intestate, to the amount of $318, had come into his hands, of which he had sold to the amount of $184.  He also introduced the account of sale of the real estate, but the purchase-money was not due when the *scire facias* was issued.  These documents were signed simply, "Thomas Stewart," but they showed upon their face that they referred to the estate of John Stewart.  No other

proof was introduced by either party. Instructions were given, at the instance of both parties, and one refused, which was asked by the defendant. This instruction is copied in the opinion of the court, and it is unnecessary to set out the other.

The plaintiff had verdict and judgment for $389.45. The defendant moved for a new trial, which was refused; and he took a bill of exceptions, and sued out this writ of error.

*J. F. Cushman,* for plaintiff in error,
Cited *Lee* v. *Gardiner,* 26 Miss. R. 521; 7 How. 114.

*H. A. Barr, contra,*
Cited *Lee* v. *Gardiner,* 4 Cushm. 538; 10 S. & M. 507; 12 Ib. 9; 13 Ib. 532.

HANDY, J., delivered the opinion of the court.

This was a *scire facias* against the plaintiff in error, by the defendant, founded on a judgment against the intestate, which was revived and returned "*nulla bona,*" against the plaintiff in error, with a suggestion of a *devastavit.*

The defendant below answered: First. Denying that assets came to his hands sufficient to pay the judgment. Second. Denying the *devastavit.* Third. Alleging that the judgment had been paid. Upon the trial, judgment was rendered for the plaintiff, and a motion was made by the defendant for a new trial, which was overruled, and a bill of exceptions thereupon taken, upon which the case is brought here.

The first objection urged is, that it does not appear that letters of administration were granted to the plaintiff in error. This was unnecessary. The *scire facias* upon the original judgment, as well as that for the *devastavit,* alleged that he was administrator, and that was sufficient, in the absence of any denial or proof in regard to his character as administrator.

The objection, that there is no sufficient proof of assets in his hands, because the accounts offered in evidence to prove that fact, appear to have been returned not by him, as administrator, but as an individual, is without any force. He had no power to make

returns and accounts to the Probate Court in relation to the estate, as an individual; and as he appears, by the pleadings, to have been administrator of the estate, the presumption must prevail, that he made his returns and accounts to the court in that character.

The next objection is, that the evidence does not show a sufficient amount of assets in his hands to sustain the verdict. It appears by the report of sales of the personalty, returned by him to the Probate Court, that they amounted to the sum of $184.98. But it appears that the appraisement of the property liable to sale, in his hands, amounted to $318.05, and that many articles mentioned therein are not included in his report of sales. These articles, omitted in the sale, appear to be about sufficient to make up the difference between the sum of $184.98, the amount of actual sales, as reported, and the amount of the verdict. And there being no evidence of the proper disposition of those articles, or excuse for their not being sold, the administrator was properly held accountable for them. The evidence was, therefore, sufficient to support the verdict in this respect, without taking into consideration the purchase-money arising from the sale of the land, which was not then due, and could not have been treated as assets in his hands at the time of the institution of the suit for the purpose of showing a *devastavit*.

The last objection is, to the refusal of the court to instruct the jury, at the instance of the plaintiff in error, "that if they believed, from the evidence, that there are effects of the intestate, which can be reached by an execution at law, in this State, they should find for the defendant."

There was no evidence to justify this instruction, and that was a sufficient reason for refusing it. But it is not correct as a legal proposition. If there were such effects in the State, the administrator must be presumed to know the fact, and it then became his duty to apply them to the payment of the debts of the estate. And it was no reason why the administrator should not be liable to a creditor of the estate for assets which he had wasted, that there were other effects of the estate within the State, and whether known to the creditor or not, which might have been subjected

to the execution. The administrator was liable for his *devastavit*, whether there were such other assets or not, out of which the execution might have been satisfied.

Let the judgment be affirmed.